IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, and<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | Case No. 1:20-cv-03204-RDM |

## ANSWER

Defendants, the United States Department of Homeland Security and United States Immigration and Customs Enforcement, by and through its undersigned counsel, answer plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In answer to the individually numbered paragraphs of the Complaint, defendants state as follows:

1. This paragraph contains plaintiff's characterization of this action to which no answer is required, but insofar as one is deemed required, denied. Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning plaintiff's motivations for bringing this action.

2. This paragraph contains plaintiff's characterization of a "CDC COVID Data Tracker" website, to which the Court is respectfully referred for a complete and accurate statement of their contents.

3-13. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

14. Defendants admit that in May 2020, plaintiff submitted FOIA requests to ICE and DHS.  This paragraph contains plaintiff's characterization and description of plaintiff's May 22, 2020 FOIA requests to defendants, to which the Court is respectfully referred for a complete and accurate statement of their contents.  Defendants admit that they have not issued a final response to plaintiff's request.  The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

15. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

16. This paragraph contains plaintiff's statement of the jurisdictional basis for this action, to which no response is required.

17. This paragraph contains plaintiff's statement of the venue for this action, to which no response is required.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied, except to admit that DHS is an agency of the United States government that is headquartered in Washington, D.C. and subject to FOIA.

20. This paragraph contains conclusions of law to which no answer is required, but

insofar as one is deemed required, denied, except to admit that ICE is an agency of the United States government that is headquartered in Washington, D.C. and subject to FOIA.

21. Admit that the ACLU submitted a FOIA request to DHS and ICE dated May 22, 2020. Defendants respectfully refer the Court to that request (Complaint Exhibit A) for a complete and accurate statement of its contents. Defendants deny the allegations in this paragraph to the extent inconsistent with the content of plaintiff's May 22, 2020 FOIA request.

22. Admit, and defendants respectfully refer the Court to the May 22, 2020 FOIA request for a complete and accurate statement of its contents.

23. Admit that the ACLU sought expedited processing of the May 22, 2020 FOIA request. Defendants respectfully refer the Court to that FOIA request (Exhibit A to the Complaint at 11-12) for a complete and accurate statement of plaintiff's expedited processing request.

24. Admit that defendant DHS acknowledged receipt of the May 22 request on May 26, 2020, assigned it the stated case control number, and granted the ACLU's request for expedited processing. Defendants respectfully refer the Court to defendant DHS's May 26, 2020 letter (attached as Exhibit 1) for a complete and accurate statement of its contents. Defendants deny the allegations in this paragraph to the extent inconsistent with the content of defendant DHS's May 26, 2020 letter.

25. Admit that defendant ICE acknowledged receipt of the May 22 request on June 2, 2020, assigned it the stated case control number, and granted the ACLU's request for a fee waiver. Defendants respectfully refer the Court to defendant ICE's June 2, 2020 letter (attached as Exhibit 2) for a complete and accurate statement of its contents. Defendants deny the allegations in this paragraph to the extent inconsistent with the content of defendant DHS's May

26, 2020 letter.

26. Admit that the DHS Privacy Office sent an email to the ACLU on June 10, 2020, seeking further clarification of the May 22 request to DHS and asking the ACLU to narrow its request, and stating that the request would be placed on hold pending further clarification. Defendants respectfully refer the Court to this June 10, 2020 email for a complete and accurate statement of their contents. Defendants deny the allegations in this paragraph to the extent inconsistent with the content of this email.

27. Admit that the ACLU sent a letter to DHS dated June 12, 2020, agreeing to narrow its May 22 request. Defendants respectfully refer the Court to this letter (Complaint Exhibit B) for a complete and accurate statement of its contents. Defendants deny the allegations in this paragraph to the extent inconsistent with the content of this letter.

28. Defendants admit only that they have not issued a final response to plaintiff's request. This paragraph also contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

29-41. These paragraphs contain conclusions of law to which no answer is required, but insofar as one is deemed required, denied, except to admit that defendants are agencies subject to FOIA.

The remaining paragraphs set forth plaintiff's Request for Relief to which no answer is required, but insofar as an answer is required, defendants deny that plaintiff is entitled to the relief requested or to any relief at all.

Defendants hereby deny all allegations of the Complaint not otherwise specifically answered above.

Wherefore, having fully answered, defendants respectfully request that the Court enter

judgment dismissing the Complaint with prejudice, and awarding defendants its costs and attorney's fees and such other relief as the Court deems just and proper.

        Respectfully submitted,

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

        ELIZABETH J. SHAPIRO
        Deputy Director

        **/s/ Lisa A. Olson**
        LISA A. OLSON
        U.S. Department of Justice
        Civil Division
        Federal Programs Branch
        1100 L Street, N.W., Room 12200
        Washington, D.C. 20005
        Telephone: (202) 514-5633
        Telefacsimile: (202) 616-8470
        E-mail: lisa.olson@usdoj.gov
Dated: Dec. 21, 2020        Counsel for Defendant